IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| DAVID ADELMAN and CAROLINE ADELMAN, | ) ) ) | |
| Plaintiffs, | ) ) | No. 9:17-cv-3356-DCN |
| vs. | ) ) | **ORDER** |
| COASTAL SELECT INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

The following matter is before the court on plaintiffs David and Caroline Adelman's ("the Adelmans") motion to compel, ECF No. 37. For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

This is an insurance bad faith case related to water damage in the Adelmans' house. The Adelmans own a house on Hilton Head Island and have a homeowner's insurance policy ("the Policy") with defendant Coastal Select Insurance Company ("Coastal Select"). In July 2017, a water supply line under the Adelmans' house either exploded or had been continuously leaking,[1] causing substantial water damage. The Policy covers water damage caused by explosions but not by pipe age and corrosion, and because Coastal Select believes that pipe age and corrosion created a leak and caused the water damage, it has refused to extend coverage to the damage.

---

[1] This is a point of disagreement between the parties.

1

The Adelmans filed the instant case on December 13, 2017, alleging breach of the Policy, bad faith refusal to provide coverage under the Policy, and promissory estoppel based on Coastal Select's agents' representation that the damage would be covered by the Policy. The current dispute before the court is related to the production of a claim journal ("Claim Journal") kept by James Edwards ("Edwards"), a Coastal Select desk adjustor. Edwards used the Claim Journal to document activity related to the Adelmans' claim. The Adelmans deposed Edwards on August 29, 2018, and during the deposition, Edwards used the Claim Journal to refresh his memory. Prior to the deposition, despite the fact that the Claim Journal was responsive to the Adelmans' first discovery request, the Claim Journal had not been produced nor did the Adelmans know of its existence. The Claim Journal was marked as an exhibit to the deposition. After the deposition, Coastal Select's counsel determined that the Claim Journal had not been produced and subsequently produced it.

The Claim Journal contained entries with the initials of Coastal Select employees who communicated with Edwards about the Adelmans' claim. The Adelmans requested that Coastal Select identify the people to whom the initials belonged as well as their role in processing the Adelmans' claim in letters sent on September 12, 2018, October 2, 2018, October 16, 2018, and November 29, 2018. In the meantime, on October 25, 2018, Coastal Select obtained new counsel. Then, on December 14, 2018, Coastal Select asserted for the first time that the Claim Journal was covered by attorney-client privilege and work-product protection and requested that the Claim Journal be clawed back.[2] The

---

[2] Coastal Select's new and current counsel claims that he was alerted to the inadvertent disclosure by the Adelmans' November 29 letter.

Adelmans' counsel called Coastal Select's counsel on December 18 and left a voicemail requesting a return phone call, but before Coastal Select's counsel did so, the Adelmans filed their motion to compel.

The motion to compel was filed on December 19, 2018. ECF No. 37. Coastal Select responded on January 2, 2019, ECF No. 38, and the Adelmans replied on January 9, 2019, ECF No. 40. The motion is ripe for review.

## II.  STANDARD

The Federal Rules of Civil Procedure provide that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The scope and conduct of discovery are within the sound discretion of the district court." Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co., 56 F.3d 556, 568 n.16 (4th Cir. 1995) (citing Erdmann v. Preferred Research, Inc. of Ga., 852 F.2d 788, 792 (4th Cir. 1988)).

## III.  DISCUSSION

Coastal Select argues that it should not be compelled to produce the Claim Journal or information related to the initials within the Claim Journal and requests that the court order its claw back. Specifically, Coastal Select argues that (1) the Claim Journal entries after the denial of the claim are not relevant; (2) the post-denial entries are attorney-client privileged; (3) the post-denial entries are protected by the work-product

doctrine; (4) Coastal Select used proper claw back procedure to secure inadvertently disclosed privileged material; (5) Coastal Select's inadvertent disclosure did not waive the Claim Journal's privilege; and (6) even if the Claim Journal's privilege was inadvertently waived, the Adelmans may not use any information derived from the Claim Journal. The court finds none of these arguments convincing.

### A. Relevance of Post-Denial Entries

The Claim Journal contains entries from July 5, 2017, the date on which the Adelmans filed their claim, to March 5, 2018. Coastal Select denied the Adelmans' claim on September 27, 2017, and it appears that Coastal Select concedes that the claims from July 5, 2017 to September 27, 2017 are relevant. However, Coastal Select argues that any entries after Coastal Select denied the Adelmans' claim are irrelevant.

As an initial matter, the Claim Journal has already been produced. While there may be a legal basis to claw back documents produced in discovery that are subject to attorney-client privilege or work-product production, see Fed. R. Evid. 502, Coastal Select cites no legal basis to claw back irrelevant information. Regardless, the post-denial entries here are relevant.

Information is discoverable so long as it "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Discovery rules are accorded "broad and liberal construction," and the concept of relevance is not limited to evidence which would be admissible at trial. In re: Am. Med. Sys., Inc., 2016 WL 3077904, at *4 (S.D.W. Va. May 31, 2016). In support of its argument, Coastal Select relies on Howard v. State Farm Mut. Auto. Ins. Co., which stands for the principle that when a party brings a bad faith claim against an insurance company, the insurance company must be judged by evidence

4

at the time it denied a claim. 450 S.E.2d 582, 584 (S.C. 1994). Therefore, "evidence that arises after the denial of the claim is not relevant to the propriety of the conduct of the insurer at the time of its refusal." Id. However, Howard does not apply this rule in the context of discovery. Instead, it applies this rule in the context of whether evidence was relevant and admissible at trial. Id. (finding that the testimony about the insurance adjuster's handling of the claim after litigation began was irrelevant while referencing language used to determine if evidence is relevant under Fed. R. Evid. 401). And as mentioned above, evidence can still be relevant during discovery even if it is inadmissible at trial. See In re: Am. Med. Sys., Inc., 2016 WL 3077904, at *4. Here, information in the Claim Journal about subsequent handling of the Adelmans' claim after Coastal Select denied coverage is clearly relevant in determining whether Coastal Select denied the claim in bad faith. Therefore, the post-denial entries of the Claim Journal are relevant.

### B. Attorney-Client Privilege

Coastal Select also argues that the entries within the Claim Journal that were created after Coastal Select sent the Claim Journal to counsel, on or about October 24, 2017, are attorney-client privileged. In diversity cases, courts apply the privilege law of the forum. See Fed. R. Evid. 501. In South Carolina, attorney-client privilege exists

> (1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

Tobaccoville USA, Inc. v. McMaster, 692 S.E.2d 526, 529–30 (S.C. 2010). "In order to establish the privilege, it must be shown that the relationship between the parties was that of attorney and client and that the communications were of a confidential nature."

State v. Love, 271 S.E.2d 110, 112 (S.C. 1980). The burden of establishing attorney-client privilege is on the party asserting the privilege. Wilson v. Preston, 662 S.E.2d 580, 585 (S.C. 2008).

In arguing that the entries after October 24, 2017 are attorney-client privileged, Coastal Select simply claims that the entries "reflect attorney client advice and are subject to a privilege on those grounds." ECF No. 38 at 6. However, as the Adelmans note, Coastal Select attached the disputed portions of the Claim Journal as an exhibit to its response to the motion to compel, ECF No. 38-4, and any voluntary disclosure of a communication by a client to a third party waives attorney-client privilege. Marshall v. Marshall, 320 S.E.2d 44, 46–47 (S.C. Ct. App. 1984). Coastal Select did not redact any portions of the Claim Journal nor did it seek to file the Claim Journal under seal; therefore, it has been made publicly available. Nevertheless, because the Claim Journal was provided, the court had the opportunity to review the entries after October 24, 2017, and they do not reflect any advice from an attorney. The only references to litigation are a couple entries documenting the fact that files were sent to Clawson & Staubes law firm via a separate, secure email and that a lawsuit had been filed. This is not attorney-client privileged information.

### C. Work-Product Protection

Next, Coastal Select contends that entries in the Claim Journal starting on October 4, 2017 are subject to work-product protection because they were prepared in anticipation of litigation. In diversity cases, "[f]ederal law governs the work product doctrine." State Farm Fire & Cas. Co. v. Admiral Ins. Co., 225 F. Supp. 3d 474, 483 (D.S.C. 2016). An insurer may claim work-product protection without the presence of an attorney-client

relationship. Id. In order to claim work-product protection, "[t]he document must be prepared because of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation." Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., 967 F.2d 980, 984 (4th Cir. 1992). In the context of insurance, "[n]ormally, only after the insurance company makes a decision with respect to the claim, will it be possible for there to arise a reasonable threat of litigation so that information gathered thereafter might be said to be acquired in anticipation of litigation." Pete Rinaldi's Fast Foods, Inc. v. Great Am. Ins. Companies, 123 F.R.D. 198, 202 (M.D.N.C. 1988).

Here, the denial of insurance coverage could reasonably, and did in fact, result in litigation. Once Coastal Select denied the Adelmans' coverage claim, Coastal Select faced potential litigation, which could make the Claim Journal entries qualify for work-product protection. However, the court need not reach this issue, because it finds that Coastal Select did not comply with the requirements of Rule 502 of the Federal Rules of Civil Procedure and therefore waived any work-product protection by producing the Claim Journal to the Adelmans, first during discovery, and then again by filing it as an unprotected exhibit on the court's online filing system.

**D. Waiver of Privilege**

Coastal Select argues that it did not waive any privilege or protection of the Claim Journal because it inadvertently disclosed the Claim Journal and properly sought to claw it back. When a party discloses privileged information, the disclosure is not a waiver when: (1) the disclosure was inadvertent; (2) the holder of the privilege took reasonable steps to prevent the disclosure; and (3) the holder promptly took reasonable steps to fix

7

the error, including following Rule 26 of the Federal Rules of Civil Procedure. Fed. R. Evid. 502(b). Pursuant to Rule 26,

> [i]f information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Fed. R. Civ. P. 26(b)(5)(B). As noted by several courts in the Fourth Circuit, there is not much guidance on the definition of "inadvertent disclosure." Francisco v. Verizon S., Inc., 756 F. Supp. 2d 705, 718 (E.D. Va. 2010), aff'd, 442 Fed. App'x 752 (4th Cir. 2011); Colley v. Dickenson Cty. Sch. Bd., 2018 WL 5318259, at *3 (W.D. Va. Oct. 29, 2018). These courts have looked to Black's Law Dictionary for a definition of inadvertence, which defines the term as "an accidental oversight; a result of carelessness." Inadvertence, Black's Law Dictionary (10th ed. 2014).

Coastal Select's previous counsel's actions with regard to the Claim Journal clearly do not meet the requirements of Rule 502, waiving any of the Claim Journal's privilege. The disclosure of the Claim Journal cannot be said to be inadvertent. The production of the Claim Journal at Edwards's deposition may have been an accidental oversight, but it appears that the paralegal for Coastal Select's previous counsel emailed the Claim Journal to the Adelmans' counsel. In addition, Coastal Select's previous counsel did not take reasonable steps to prevent disclosure of the Claim Journal, as evidenced by the fact that it willingly gave the Claim Journal to the Adelmans' counsel. At no point did Coastal Select's previous counsel object to making the Claim Journal an

exhibit in Edwards's deposition nor did it identify the Claim Journal as privileged. And finally, Coastal Select's previous counsel did nothing to correct the error, as it did not seek to claw back the Claim Journal.

However, there is the wrinkle that Coastal Select obtained new counsel on October 25, and the new counsel was not alerted to the disclosure of the Claim Journal until November 29. Therefore, Coastal Select's new counsel requested claw back of the Claim Journal within about two weeks of learning of the disclosure. While this time period could potentially be described as "prompt," it is not enough to make up for the actions of Coastal Select's previous counsel. The fact that Coastal Select obtained new counsel does not mean that previous activity in discovery can be forgotten and the slate can be wiped clean. Moreover, as previously mentioned, Coastal Select attached the portion of the Claim Journal over which it now claims privilege to its response to the motion to compel. This document was filed publicly, and Coastal Select did not attempt to file the Claim Journal under seal or submit the Claim Journal in camera. Filing a document publicly certainly waives any privilege, and even after the Adelmans pointed this out, Coastal Select did not try to remove the Claim Journal from the docket. Therefore, any work-product privilege associated with the Claim Journal was waived.

### E. Scope of Waiver

Coastal Select's final argument is that if the Claim Journal's privilege is waived due to inadvertent disclosure, then the waiver should only apply to the Claim Journal, and the Adelmans may not use the information within the Claim Journal to conduct additional discovery. However, as discussed above, the disclosure of the Claim Journal was not inadvertent. Therefore, the Adelmans may conduct additional discovery based on the

9

content of the Claim Journal, including obtaining the names and positions of the Coastal Select employees who are identified by their initials in the Claim Journal.

## IV. CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to compel.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**February 6, 2019
Charleston, South Carolina**